By the Court :
We think the decree setting aside the sale ought to be affirmed. The complainants’ notice of lien was not filed in *654 the clerk’s office until upwards "of five weeks after Catharine Shyne had purchased the property for a large consideration. She was, therefore, the owner of the title long before Tucker & Sherman had any lien whatever. We repeat our ruling made at the last general term, to the effect that a mechanic’s lien under our statute begins only from the time of filing the notice, and that a purchaser at any time before such notice is filed takes a good title. Cotton et al. vs. Holden, ante, page 463.
We also hold that the testimony of witnesses tending to show an alteration in the name of the grantee in the conveyance to Mrs. Shyne does not affect the validity of the deed, as no such alteration appears upon its face, and it is also evident that the witnesses are laboring under an obvious and palpable mistake of fact.
Decree affirmed.